

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Marina Moraru**
*Special Assistant Corporation Counsel*
Office: (212) 356-2456

August 8, 2023

**VIA ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED

8/8/23    John G. Koeltl, U.S.D.J.

Re:   *M.B. et al. v. N.Y.C. Dep't of Educ. et al.*, 21-cv-7890 (JGK)(KHP)

Dear Judge Koeltl:

I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendants, New York City Department of Education ("DOE") and the City of New York (collectively, "Defendants"), in the above-referenced action, wherein Plaintiffs seek, *inter alia*, compliance with underlying administrative orders, declaratory relief, injunctive relief, claims under 42 U.S.C. § 1983, and attorneys' fees, costs, and expenses for legal work performed on the administrative proceedings, as well as for this action, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*

As of the August 2, 2023 Stipulation and Order of Settlement and Dismissal filed by the parties last week (ECF 56, "Stipulation"), the substantive claims in this case are mooted and dismissed with prejudice. Notwithstanding that paragraph 3 of the Stipulation allows the parties 90 days to resolve plaintiff's fee demand, on August 4, Plaintiff's' counsel (a) provided updated billing records and (b) demanded a settlement offer no later than August 11, otherwise has stated they will begin billing time on a fees motion:

Thus, for the reasons set forth below, Defendants respectfully request that this Court issue an order directing Plaintiffs to refrain, until October 2, 2023, from billing any time on a motion for costs and attorneys' fees so that the City has a reasonable amount of time to get the fee claim settled. The newly assigned Fees Team attorney will engage that process forthwith; but as the judges in this District are all too aware, that process can take more than 60 days to complete before settlement nogotiations can commence. Indeed, while most attorneys working, in good faith, with Defendants to resolve IDEA fees claims appreciate that the City's internal process takes some time, opposing counsel here apparently has decided not to extend the typical courtesy of the needed time to get this work completed.

Defendants fully expect that the parties can resolve Plaintiffs' fee claim without any burden on the Court whatsoever (with the exception of this letter motion).

As background, Plaintiffs initiated this action on September 21, 2021 (ECF 1). After the parties diligently worked through this matter for two years to resolve the various substantive claims, the parties first notified the Court of settlement of the substantive claims in principle on March 16, 2023 (ECF 48). Over the following five months, the parties continued to apprise the Court regarding the finalization of that settlement. (ECF 51: May 15 "Letter Motion for Extension of Time to Effectuate Settlement"; ECF 53: June 12 "Joint Letter" regarding "the parties' Stipulation of Settlement & Dismissal for the Court' so-ordering"). On August 2, the Court entered the Stipulation and an order of dismissal, "subject to the conditions set forth in paragraphs '2' though '7,' *infra*" (ECF 56). In relevant part, paragraph 3 of the Stipulation provides that: "Any motion for costs and attorneys' fees made by Plaintiffs . . . that is made within 90 days of the Effective Date of this Stipulation [August 2, 2023] shall be deemed timely."

Defendants submit that Plaintiffs' counsel's suggestion that a settlement offer be made within *five (5) business days* of receiving their updated billing records—*and* having just filed the August 2 Stipulation—violates the spirit, if not the letter, of paragraph 3 of the Stipulation. Indeed, paragraph 3 expressly provides a 90-day period within which the parties are to resolve attorneys' fees. Plaintiffs' counsel's suggestion that fees be fully resolved—a process which, for this case, will involve reviewing the full complement of their attorney billing records against a record dating back to 2021—by August 11 is patently unreasonable. Defendants additionally proffer that the clear terms of paragraph 3 indicate that a 90-day period is a reasonable timeframe within which costs and attorneys fees can be resolved. Furthermore, as the Second Circuit in *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023) has recently held, the DOE's internal governmental and fiscal processes "need some amount of time to process and pay submitted invoices"; likewise here, Plaintiffs' counsel should be disabused of the notion that they can compel settlement of a fee claim at lightening speed, under threat of churning more fees on fees.

Thus, to comport with the terms set forth in paragraph 3 of the Stipulation, Defendants respectfully request that this Court issue an Order directing Plaintiffs to refain from billing any time for their unripe motion for costs and attorneys' fees for a period not less than 60 days from the date of the August 2, 2023 Stipulation, through October 2, with a status letter due that same date apprising the Court regarding settlement and whether the parties wish to seek the assistance of the Magistrate Judge prior to burdening the Court with a fee application.

Thank you for considering this request.

Respectfully submitted,

*/s/ Marina Moraru*
Marina Moraru, Esq.
Special Assistant Corporation Counsel

cc:   Gina DeCrescenzo, Esq. (via ECF)

2